(92 Misc. Rep. 586)

SEYFRIED et al. v. FUHRMANN, Mayor.

(Supreme Court, Special Term, Erie County. December 27, 1915.)

MANDAMUS ☞87—POLICE REGULATIONS—LICENSES AND PERMITS.

A municipal ordinance required any person desirous of using a building as a public garage to procure a license therefor from the mayor of the city, and provided that the mayor might also grant a permit to any person to use for a public garage any building or premises "which are and have been so used on and prior to May 1, 1910." A building for which it was sought to compel the mayor to grant such a permit was used for about a year in 1907 for a public livery stable, with temporary stalls and mangers; it not having been specially constructed for that purpose. *Held*, that the mayor could not be compelled by mandamus to grant such permit, since, while, if a business has fairly been established in a building

specially constructed therefor or otherwise, and was being conducted on or at a time not unreasonably antedating May 1, 1910, and had been carried on for such a length of time running back from that date that the business could fairly be said to be an established one, the mayor would be compelled to grant a permit, under other and less favorable conditions, the matter rests in the mayor's sound discretion.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 189–194; Dec. Dig. ☞87.]

Application by Anthony Seyfried and another for a writ of peremptory mandamus against Louis P. Fuhrmann, as Mayor of the City of Buffalo. Application denied.

Otto W. Volger, of Buffalo, for petitioners.

Wm. S. Rann, Corp. Counsel, of Buffalo (Ralph K. Robertson, of Buffalo, of counsel), for respondent.

TAYLOR, J. These petitioners are lessees of premises known as 50 St. Paul street in the city of Buffalo, and have been in possession thereof since about March 1st of this year. The petitioners had a permit to run a public garage on said premises, which was in effect from about March 22 to April 30, 1915. Subsequently they applied to the common council for renewal of the permit. The common council acted favorably; but the mayor, after a public hearing, disapproved of the action of the common council. The petitioners now ask for a writ of peremptory mandamus to compel the mayor to issue such permit, relying upon the second subdivision of section 3 of chapter 31 of the Ordinances of the City of Buffalo.

Section 1 of said chapter requires any person desirous of using a building as a public garage to procure a license therefor from the mayor of the city. Section 2 states, in part, that the above-mentioned provisions "shall not apply to any such garage which shall have been located, built, constructed and in use for any of said purposes prior to May 1, 1910." The portion of section 3 above referred to provides that "the mayor may also grant a permit to any person to use for a public garage any building or premises which are and have been so used on and prior to May 1, 1910," for a similar purpose.

It is conceded by all interested that sections 2 and 3 of the above-mentioned chapter are not well drafted. Their meaning, taken together, is not clear. It may be that the petitioners need no permit on account of the portion of section 2 above referred to. However, the petitioners seek relief here, as they state, under section 3, and they concede that they must stand or fall pursuant to the construction put upon that section. I have considered these sections carefully, and have read the opinion of Wheeler, J., in the Matter of Walker, 84 Misc. Rep. 118, 146 N. Y. Supp. 519. I concur in his reasoning and in his statement that the taking away by the mayor or other official of valuable property rights of owners of property without reasonable authority should not be allowed by the courts. However, I take the words of said section 2, viz., "any building or premises which are and have been so used on and prior to May 1, 1910," to contemplate a use not merely incidental nor inconsequential. And while, like Justice Wheeler, I do not find that the words "on and prior" are to be taken

absolutely literally, still I believe that the true meaning of the language is that where a business has fairly been established on premises, either in a building specially constructed therefor or otherwise, and where such business was being conducted on or at a time not unreasonably antedating May 1, 1910, and where such business had been carried on for such a length of time running back from such date that the business could fairly be said to be an established one, the mayor would be compelled to grant a permit under such subdivision of said section 3. Under other conditions, less favorable to the applicant, I believe and find that the matter is vested in and rests in the sound discretion of the mayor.

In this proceeding I find that any "public use" of the building in question for any of the purposes mentioned in the said ordinances was for a public livery stable, with "temporary stalls and mangers," back in 1907, and for about a year only, and not in a building specially constructed for the purpose. Such a public use, at such a time, and for such a period, it is clear to me is by no means of the character to authorize this court to compel the mayor by peremptory mandamus to grant a permit under section 3 on the ground that such use was carried on "on and prior to May 1, 1910."

Therefore, whatever may be the rights of petitioners under section 2, I must deny the application for this writ. I allow no costs.